COMMONWEALTH *vs.* CORNELIUS WHIPPLE & another.

Suffolk.    March 10, 1902. — May 20, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Witness*, Waiver of privilege. *Evidence*, Relevancy. *House of Ill Fame.*

At the trial of a man and woman on a complaint for keeping a house of ill fame, the man testified on direct examination that he was the husband of the other defendant. On cross-examination he testified, against his objection, that at the

time of his marriage to the defendant he was married to another woman still living from whom he had not been divorced. *Held,* that the cross-examination properly was allowed; that the witness by testifying in his own behalf had submitted himself to cross-examination on all matters relevant to the issue, and that the question whether the two defendants were married or not was relevant to the issue, and therefore the evidence was competent, even if it was not also competent for the purpose of showing the actual relation between the two defendants with a view to repelling any presumption of coercion that might arise if the woman defendant was the wife of the other.

MORTON, J. This is a complaint against the two defendants for keeping a house of ill fame. At the trial the defendant Cornelius testified on direct examination that he was the husband of the other defendant. Thereupon on cross-examination he was asked the questions that were objected to, namely: if his first marriage to the female defendant was his second marriage, to which he answered " Yes "; if at the time of his second marriage his first wife was living, to which he answered " Yes, he supposed so "; if at that time the first wife had obtained a divorce, to which he answered " No "; if he knew this at that time, to which he answered " Yes "; and if he had seen his first wife since his second marriage and living with his second wife, to which he answered " Yes; the last time about five years prior to the time of this trial." It is admitted that a defendant by testifying in his own behalf submits himself to cross-examination in all matters relevant to the issue. We think that the question whether the two defendants were married or not was revelant to the issue and that therefore this evidence was competent. It is possible that it was also competent, as the Commonwealth contends, for the purpose of showing what the actual relation between the two defendants was with a view to repelling any presumption of coercion that might arise if the female defendant was the wife of the other defendant; though it is to be observed that a married woman can be indicted or complained of alone for keeping a house of ill fame and that the ordinary presumption of coercion from the presence of the husband does not arise in such a case. *Commonwealth* v. *Lewis,* 1 Met. 151.

*Exceptions overruled.*

*J. E. Young,* (*J. W. Hathaway* with him,) for the defendants.

*J. D. McLaughlin,* Second Assistant District Attorney, for the Commonwealth, submitted a brief.