William P. Smith, of Washington, D. C. (John C. Evans, of Detroit, Mich., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This is a suit for the recovery of additional estate taxes which were assessed under the Revenue Act of 1926 and paid by plaintiff, as administrator of the estate of James H. Pound, deceased, who was a resident of Detroit, Mich.

Upon an audit of the return made by the administrator for the estate, the Commissioner of Internal Revenue increased the gross estate from $400,361.76 to $871,821.30 and assessed a deficiency tax of $21,132.36 after certain adjustments which are not in question. The additional tax was paid, a refund claim filed and duly rejected. In arriving at the value of the estate the Commissioner included at full value certain real estate owned by the decedent and his wife, as tenants by the entirety and certain personal property owned jointly with the right of survivorship, as he was required to do under section 302 (e) of the Revenue Act of 1926 (44 Stat. 9, 70, 71, 26 USCA § 1094 (e), which reads as follows:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: Provided, That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person. * * * *"

The plaintiff contends that the surviving spouse owned one-half of the property, that the property was acquired by their equal and joint efforts, and that the valuable services rendered by the wife constitute "money's worth" which entered into the purchase consideration.

We do not find it necessary or enlightening to enter into a lengthy discussion of these questions. The law is well settled since the case of Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 357, 74 L. Ed. 991, 69 A. L. R. 758, in which it was said: "Before the death of the husband (to take the Tyler Case, No. 428), the wife had the right to possess and use the whole property, but so also had her husband; she could not dispose of the property except with her husband's concurrence; her rights were hedged about at all points by the equal rights of her husband. At his death, however, and because of it, she, for the first time, became entitled to exclusive possession, use and enjoyment; she ceased to hold the property subject to qualifications imposed by the law relating to tenancy by the entirety, and became entitled to hold and enjoy it absolutely as her own; and then, and then only, she acquired the power, not theretofore possessed, of disposing of the property by an exercise of her sole will. Thus the death of one of the parties to the tenancy became the 'generating source' of important and definite accessions to the property rights of the other. These circumstances, together with the fact, the existence of which the statute requires, that no part of the property originally had belonged to the wife, are sufficient, in our opinion, to make valid the inclusion of the property in the gross estate which forms the primary base for the measurement of the tax. And in that view the resulting tax attributable to such property is plainly indirect."

This case was followed by Gwinn v. Commissioner, 287 U. S. 224, 53 S. Ct. 157, 158, 77 L. Ed. 270, in which it was held: "The clear language of the 1924 statute repels the notion that it has no application to joint tenancies created prior to September 8, 1916. Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081." And at page 228 of 287 U. S., 53 S. Ct. 157, 158: "Although the property here involved was held under a joint tenancy with the right of survivorship created by the 1915 transfer, the rights of the possible survivor were not then irrevocably fixed since under the state laws the joint estate might have been terminated through voluntary conveyance by either party, through proceedings for partition, by an involuntary alienation under an execution. * * * The right to effect these changes in the estate was not terminated until the co-tenant's death. Cessation of this power after enactment of the Revenue Act of 1924 presented proper occasion for imposition of the tax. The death became the generating source of definite accessions to the survivor's property rights." See, also, Third Nat. Bank & Trust Co. v. White, Collector (D. C.) 45 F. (2d) 911; Robinson v. Commissioner (C. C. A.) 63 F. (2d) 652.

The plaintiff contends, under the proviso of section 302 (e) of the 1926 Act (26 USCA § 1094 (e), which reads: "* * * Provided, That where such property or any

698

part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person, * * * " that it is permissible to show the value of services rendered to the decedent by the surviving spouse and that it is to be considered as entering into the purchase price of the property. But, even admitting this contention, which we do not, the plaintiff's position is not improved. It is too elementary for the necessity of citation of authority that, where the Commissioner of Internal Revenue has made a decision, the burden of proof is on the plaintiff to overcome the presumption of the correctness of his decision. The law required the Commissioner to include all the property at its full value for the purposes of taxation of the estate and the burden was on the surviving tenant by the entirety, or joint tenant, to prove what part of the consideration of the purchase price was paid by the survivor.

We have studiously examined the evidence in this case, and although its sentimental features appeal strongly to our sympathies, we nevertheless can find nothing in the testimony to show that the surviving spouse contributed any part of the consideration which entered into the purchase of the property which was held in joint tenancy or by the entirety. Nor does the evidence disclose that services rendered by the surviving spouse were ever considered, valued, or estimated by either the decedent or the wife, during the more than four decades of their married life, which formed part of the consideration of purchase, in money or money's worth. The wife's services to her husband, during their long married life, in managing the property and assisting him in his law practice, may have been, and doubtless were, of inestimable value to him, but from the record it is clear that the only compensation in her mind was the love and affection of her husband. The testimony of the surviving spouse fails to show that she contributed to the purchase price of the properties, and, if her services during all these years are to be compensated, her redress is from the estate for services rendered.

The plaintiff has failed to sustain the burden of proof, and therefore the decision of the Commissioner is sustained.

The petition is dismissed. It is so ordered.

Court of Claims.
Nov. 5, 1934.