GUARANTY TRUST COMPANY OF NEW YORK, RACHEL LUSTIG, ELIAS LUSTIG, AND LEONARD J. OBERMEIER, AS EXECUTORS OF THE ESTATE OF DAVID L. LUSTIG, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70582. Promulgated February 28, 1936.

*Leonard J. Obermeier, Esq.,* for the petitioners.
*T. M. Mather, Esq.,* for the respondent.

### OPINION.

TYSON: Petitioners, the duly qualified and acting executors of the estate of David L. Lustig, deceased, who died in November 1929, seek a redetermination of the deficiency of $2,387.69 in estate tax asserted by respondent.

The sole issue is whether respondent, in determining the value of the decedent's gross estate, erred in including therein the proceeds of three life insurance policies, under section 302 (g) and (h) of

the Revenue Act of 1926.[1]  No issue has been raised as to the correctness of the amounts representing the proceeds of the three policies paid to the decedent's surviving wife as beneficiary or assignee, as follows:

| Insurance Company | Policy No. | Amount |
|---|---|---|
| Home Life Insurance Co | 106190 | $6,000.00 |
| Northwestern Mutual Life Insurance Co | 349219 | 8,220.00 |
| Penn Mutual Life Insurance Co | 588805 | 50,574.78 |

The decedent was a resident of the State of New York at the dates those policies were issued upon his application therefor and, also, at the time of his death.

, The Home Life Insurance Co. policy No. 106190, when executed and delivered in the State of New York on December 17, 1901, was made payable to David L. Lustig, his executors, administrators, or assigns.  It contained no reservation to the insured of the right to change the designated beneficiary.  The policy contained provisions regarding the conditions and benefits thereof, including the right of assignment, loan value, and paid-up insurance value. Attached to the policy was an assignment executed by the insured in the State of New York on December 10, 1907, on a form of the Home Life Insurance Co., whereby the insured assigned and transferred unto Rachel Lustig, his wife, the policy No. 106190 and all dividends, benefits, and advantages to be had or derived therefrom.  The assignment further provided: "In the event of my surviving the said Rachel Lustig this instrument shall be null and void", but contained no other conditions or reservations.

The Northwestern Mutual Life Insurance Co. policy No. 349219, when issued on June 6, 1896, was made payable to Rachel Lustig, wife of the insured, if she survived the insured, otherwise to the insured's executors, administrators, or assigns.  The policy contained no reservation to the insured of the right of revocation of the beneficiary.  It provided for paid-up insurance under certain conditions, but did not provide for loan or cash surrender values.

The Penn Mutual Life Insurance Co. policy No. 588805, when issued on August 15, 1912, was made payable to Philip H. Lustig,

[1] Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

   \*       \*       \*       \*       \*       \*       \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

(h) Except as otherwise specifically provided therein subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

"brother of the insured, if he survive the insured, otherwise to the insured's executors, administrators or assigns", without reservation of the right of revocation by the insured. The policy contained provisions regarding the conditions and benefits thereof, including the right of assignment, paid-up insurance, loans, and cash value. Attached to the policy was an assignment executed in the State of New York in July 1919, by the insured and his brother, Philip H. Lustig, on a form of the Penn Mutual Life Insurance Co., whereby they assigned and transferred all their right, title, and interest in and to policy No. 588805 to "Rachel Lustig, wife of the insured (the beneficiary), if she survive the insured, otherwise to the insured's executors, administrators or assigns", subject to the condition that, "The right to change the beneficiary is * * * reserved to the insured."

It thus appears that for several years prior to and at date of decedent's death, all three policies were payable to the insured's wife as assignee or as beneficiary, *if she survived the insured*. It is now definitely settled that the phrase as to the beneficiary surviving the insured does not constitute a condition precedent to the vesting of the beneficiaries' interest in the policies. Instead, the title and possession of the beneficiary were fixed by the terms of the policies and assignments thereof beyond the power of the insured to affect prior to his death, which merely ended a possibility which might have occurred. Accordingly, such designation of the beneficiary or assignee is not a ground for the inclusion of the proceeds of the three policies in the decedent's gross estate. *Bingham* v. *United States*, 296 U. S. 211 and *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39 and *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48.

The Home Life Insurance Co. policy, having been executed and delivered in the State of New York, was a New York contract. *Northwestern Mutual Life Insurance Co.* v. *McCue*, 223 U. S. 234. The insured's wife held the entire beneficial interest in that policy by an unconditional assignment and under the laws of New York her consent was necessary to his control, possession, or enjoyment of the privileges contained in the policy, such as loan and cash surrender values and the right of assignment. *Levy's Estate* v. *Commissioner*, 65 Fed. (2d) 412; *Anderson* v. *Northwestern Mutual Life Insurance Co.*, 261 N. Y. 450; 185 N. E. 696. Cf. *John R. Robinson* v. *United States*, 12 Fed. Supp. 160. The Northwestern Mutual Life Insurance Co. policy irrevocably designated the insured's wife as the beneficiary and the policy did not provide for loans thereon or the surrender thereof for cash. So far as this record shows that policy was a Wisconsin contract, since the only evidence as to where the policy was executed and delivered is shown on the face of the policy

itself to have been in Wisconsin. The property right of the insured's wife in that policy could be defeated by assignment, or otherwise, only with her consent, under the law of Wisconsin; *Boehmer* v. *Kalk*, 155 Wisc. 156. Accordingly, the death of the insured did not terminate such incidents of ownership of those two policies by the decedent (that is, control, possession, or enjoyment of the policies or the proceeds thereof) as would constitute an appropriate subject of the estate tax and respondent erred in including such proceeds in decedent's gross estate. *Levy's Estate* v. *Commissioner*, *supra; Pennsylvania Co. for Insurances on Lives and Granting Annuities, Executor* v. *Commissioner*, 75 Fed. (2d) 719; *Edith Huggard Sharp et al.*, 33 B. T. A. 290.

The Penn Mutual Life Insurance Co. policy, when issued, was made payable to the insured's brother without the right of revocation by the insured. A life insurance policy, being a nonnegotiable chose in action, is assignable, *Johnson* v. *Scott*, 137 N. Y. S. 243, the assignment constitutes a contract, *Eisenback* v. *Mutual Life Insurance Co.*, 147 N. Y. S. 962; affd., 212 N. Y. 593; 106 N. E. 1033, and the assignee acquires an interest in the policy only to the extent of the specified terms of the assignment, *Schoenholz* v. *New York Life Insurance Co.*, 234 N. Y. 24; 136 N. E. 227; *Palmer* v. *Mutual Life Insurance Co.*, 77 N. Y. S. 869; *New York Mutual Life Insurance Co.* v. *Armstrong*, 117 U. S. 591. The assignment may be absolute or conditional, including a reservation to change or cancel the assignment, *Penn Mutual Life Insurance Co.* v. *Union Trust Co.*, 83 Fed. 891, and where, as in this proceeding, the beneficiary is irrevocably named in the policy, the insured and the beneficiary may by their concurrent act effect an assignment of the policy to a third party, *Aetna Life Insurance Co.* v. *Kimball*, 112 Atl. 708; *Ogletree* v. *Ogletree*, 127 Ga. 232; 55 S. E. 954. In the latter case the life insurance policy designated A as the beneficiary without reservation to the insured to change the beneficiary and subsequently A, in writing, released his interest in the policy to the insured who assigned the policy to B with reservation to the insured to change or cancel the assignment. Thereafter, the insured assigned the policy to C. The court held that B's interest in the policy was, by virtue of the terms of the assignment, subject to the insured's right to change or cancel the assignment to him. Also, cf. *Penn Mutual Life Insurance Co.* v. *Union Trust Co.*, *supra.*

We conclude that by the assignment concurrently executed by the insured and his brother in the State of New York in July 1919, the brother released all of his interest in the Penn Mutual Life Insurance Co. policy as beneficiary and that Rachel Lustig became the assignee of the beneficial interest therein subject, however, to the

insured's reserved right to change the beneficiary. By that reservation to change, the insured, until the moment of death, retained a legal interest in the policy which gave him the power of disposition of the policy and the proceeds thereof, as completely as if he were named the beneficiary. The termination, by death, of such power or incidents of ownership is a transfer subject to estate tax, *Chase National Bank* v. *United States*, 278 U. S. 327; *Newman* v. *Commissioner*, 76 Fed. (2d) 449; *Scott* v. *Commissioner*, 69 Fed. (2d) 444; and *Cook* v. *Commissioner*, 66 Fed. (2d) 995; and this is so notwithstanding the fact that the Penn Mutual Life Insurance Co. policy was issued prior to 1918, because he had reserved the power to change the beneficiary and he died subsequent to the enactment of the broad retroactive provisions of section 302 (h), *supra*. *Levy's Estate* v. *Commissioner*, *supra; Newman* v. *Commissioner*, *supra*, and *Sampson* v. *United States*, 1 Fed. Supp. 95. Accordingly, the proceeds of the Penn Mutual Life Insurance Co. policy No. 588805 in the amount of $50,574.78 are includable in the decedent's gross estate, pursuant to the provisions and limitations (as to amount) of section 302, *supra*.

*Decision will be entered under Rule 50.*