**HELBURN v. BALLARD.**

No. 6774.

Circuit Court of Appeals, Sixth Circuit.

April 7, 1936.

Claude Hudgins, Asst. U. S. Atty., of Louisville, Ky., for appellant.

Peter, Lee, Tabb, Krieger & Heyburn, of Louisville, Ky., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

PER CURIAM.

It appearing that the Commissioner of Internal Revenue was unauthorized by section 302 (b) of the Revenue Act of 1924, 43 Stat. 253, 304 (26 U.S.C.A. § 411 note) to include in the gross estate of the decedent, S. Thruston Ballard, any amount representing dower interest of appellee because, having taken under the will of the decedent, the appellee acquired no rights at the time of his death as dowress in his real estate, Perry v. Wilson, 183 Ky. 155, 162, 208 S.W. 776; Schuette v. Bowers, 40 F. (2d) 208, 211 (C.C.A.2); Randolph v. Craig, 267 F. 993, 996 (D.C.); see also Briscoe v. Craig, 32 F.(2d) 40 (C.C.A.6); and it appearing that the Commissioner was also unauthorized by section 302 (g) of the same statute (43 Stat. 305 [26 U.S.C.A. § 411 note]) to include the proceeds of the nine insurance policies involved in this appeal in the decedent's gross estate because the interests of the beneficiaries of said policies were vested in them prior to his death and were in no way enlarged by reason thereof, Bingham v. U. S., 296 U.S. 211, 218, 56 S.Ct. 180, 80 L.Ed. 160; Industrial Trust Co. et al., Executors, v. U. S., 296 U.S. 220, 56 S.Ct. 182, 80 L.Ed. 191.

It is ordered and adjudged that the judgment of the District Court be, and the same is, affirmed.

Judgment of District Court affirmed.