JEANETTE E. RUSHMORE, EXECUTRIX OF THE ESTATE OF CHARLES E. RUSHMORE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77164.    Promulgated August 26, 1937.

*Joseph B. Lynch, Esq.*, for the petitioner.
*F. T. Horner, Esq.*, for the respondent.

OPINION.

HILL: The issue raised by assignment of error No. III is whether the value of a mortgage on the premises at 800 Sixth Avenue, Borough of Manhattan, City and State of New York, should be included in the gross estate at its face value of $115,000 as determined by the Commissioner, or at a less value as contended by the petitioner. Counsel have agreed that such value is $112,000. Accordingly, we hold such value to be $112,000.

Assignment of error No. IX raised the issue that the Commissioner failed to allow proper credit for estate taxes imposed by the State of New York upon decedent's estate. Counsel have agreed with respect to this assignment of error as shown in our findings of fact. In accordance with such agreement we hold that petitioner is entitled to credit for such taxes in the amount of $44,750.53 and to further credit for such additional state estate, inheritance, legacy, or succession taxes as shall be actually paid, upon the submission of acceptable proof of such payment.

The remaining issue, raised by assignment of error No. VII, is whether under the terms of the indenture of trust executed by petitioner's testator, Charles E. Rushmore, deceased, on April 23, 1929, the corpus of the trust, to the extent of $257,716.03, is includable in the gross estate of decedent for estate tax purposes, on the sole ground that it was a transfer "intended to take effect in possession or enjoyment at or after his death." There is no controversy as to value. The only issue is the propriety of such inclusion. The trust was not created in contemplation of death and is irrevocable, terminable upon the death of the trustor's daughter or grandson, whichever should survive the other.

This issue involves two questions. The first question is whether the transfer under the trust instrument was intended to take effect in possession or enjoyment at or after the death of the trustor within the meaning of section 302 (c) of the Revenue Act of 1926,[1] prior to amendment thereof.

The second question presented under this issue is whether section 302 (c) of the Act of 1926, as amended by House Joint Resolution No. 131,[2] 71st Congress, effective March 3, 1931, and/or as amended by section 803 (a) of the Revenue Act of 1932,[3] effective June 6, 1932, is applicable here; in other words, whether the provisions of these amendments, or either of them, are applicable to the transfer here by retroaction.

---

[1] (c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Where within two years prior to his death but after the enactment of this Act and without such a consideration the decedent has made a transfer or transfers, by trust or otherwise, of any of his property, or an interest therein, not admitted or shown to have been made in contemplation of or intended to take effect in possession or enjoyment at or after his death, and the value or aggregate value, at the time of such death, of the property or interest so transferred to any one person is in excess of $5,000, then, to the extent of such excess, such transfer or transfers shall be deemed and held to have been made in contemplation of death within the meaning of this title. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death but prior to the enactment of this Act, without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.

[2] "(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property * * *

[3] SEC. 803. FUTURE INTERESTS.

(a) Section 302 (c) of the Revenue Act of 1926, as amended by the Joint Resolution of March 3, 1931, is amended to read as follows:

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property * * *"

The first question stated involves the application to the facts here of section 302 (c) of the Revenue Act of 1926, as it stood prior to March 3, 1931, and prior to June 6, 1932, the respective dates of amendments thereof. The transfer by trust indenture was made on April 23, 1929, and the trustor died October 30, 1931. The trust, during its continuance, reserved to the trustor one-half of the income from the trust property during the joint lives of himself and wife and the whole of the income during the period of his survivorship of his wife should she predecease him. No power was reserved to alter, modify, or revoke the trust. The transfer of the property held in trust was to specifically named persons or those whose identities are definitely ascertainable. The only reversionary interest the trustor had in the property was contingent upon his surviving both his daughter and his grandson. This was a remote contingency and one which, in fact, did not happen. The possibility of reverter did not rest upon the exercise of any right or power reserved to the trustor. The transfer was complete and absolute by the terms of the trust at the date of its execution and no title to, or interest in, the property remained in the trustor after that date. There was no shifting of economic interest in the property at or after his death. We hold, therefore, that under section 302 (c) of the Revenue Act of 1926, as it stood prior to amendment, the transfer was not intended to take effect in possession or enjoyment at or after the trustor's death. *May* v. *Heiner*, 281 U. S. 238; *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Tait* v. *Safe Deposit & Trust Co. of Maryland*, 74 Fed. (2d) 851; *Mildred Kienbusch, Executors*, 34 B. T. A. 1248; *Jacob Schneider et al., Executors*, 35 B. T. A. 183; *Daisy Christine Patterson, Executrix*, 36 B. T. A. 407.

Considering now the second question stated, it must be conceded that the mere fact that decedent reserved to himself income from the trust property during his natural life brings the transfer within the provisions of both the amendments (above mentioned) to section 302 (c), *supra*. If such amendments, or either of them, are retroactive in their operation, respondent's contention that the transfer is includable in decedent's gross estate for estate tax purposes must be sustained on the ground that he retained for his life the right to the income from the property.

The question of whether the amendments are retroactive is not new. It has been before the Board and the courts in a number of cases and, so far as we are advised, it has been uniformly held that the provisions of the amendments are only prospective in operation and have no application to transfers completed prior to their enactment. *Nichols* v. *Coolidge*, 274 U. S. 531; *Helvering* v. *Helmholz*,

296 U. S. 93; *Bingham* v. *United States*, 296 U. S. 211; *Mildred Kienbusch et al., Executors, supra; Mary Q. Hallock et al., Trustees*, 34 B. T. A. 575.

We hold, therefore, that the amount of $257,716.03, or any part thereof, involved in assignment of error No. VII is not includable in the gross estate of decedent for estate tax purposes.

*Judgment will be entered under Rule 50.*