**BAILEY et al. v. UNITED STATES.**
No. 43505.

Court of Claims.
May 29, 1939.

618

Elizabeth B. Davis, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendants.

Before BOOTH, Chief Justice and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiffs contend that no portion of the net proceeds of $148,364.86 of six life insurance policies taken out by the decedent upon his own life between March 10, 1925, and January 2, 1929, was includable in the gross estate of the decedent, Walter C. Bailey, who died May 26, 1933, for the reason that on July 20, 1932, the decedent, by an instrument in writing on that date, made an assignment of the policies to his wife establishing a change of beneficiaries thereunder and making his wife, and upon her death his son, the life owner and after which, until the date of his death, the decedent did not possess any legal incidents of ownership of such policies.

The defendant contends that inasmuch as the life insurance contracts in question were taken out by the decedent upon his own life at a time when the estate tax provisions of the revenue statute specifically provided, without exception, for the inclusion of the proceeds of such policies in the gross estate for the purpose of determining the net estate subject to tax, and which provision was in force and effect at the time of the death of Walter C. Bailey, the proceeds of such policies of $148,364.86, which was the net amount payable to the beneficiary upon his death in excess of $40,000 were properly included in the gross estate.

Section 302(g) of the Revenue Act of June 2, 1924, 43 Stat. 304, 305, 26 U.S.C.A. § 411 note, provided "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * * to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

Subdivision (h) of section 302 provided that "Subdivisions (b), (c), (d), (e), (f),

Morris H. Goldman, of Philadelphia, Pa. (Fred W. Weitzel, of Washington, D. C., on the brief), for plaintiffs.

and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein whether made, created, arising, existing, exercised or relinquished before or after the enactment of this Act [4.01 postmeridian June 2, 1924]." These provisions were continued and reenacted in section 302(g) and (h), Revenue Act of 1926, 26 U.S.C.A. § 411(g, h), and continued in force thereafter by section 401 of the Revenue Act of 1932, 26 U.S.C.A. § 535, in effect at the time of the death of Walter C. Bailey, May 26, 1933. It will thus be seen that prior to the date on which the six insurance policies in question were taken out by the decedent upon his own life and at all times thereafter, the estate tax provisions of the taxing act specifically provided, without exception, for the inclusion in the gross estate of the amount receivable by all beneficiaries, other than the estate in excess of $40,000, as insurance under such policies taken out by the decedent upon his own life.

Plaintiffs' contention is based upon the theory that because the decedent in July 1932 made an assignment of the policies to his wife, who was designated beneficiary thereunder, under which she became the life owner of the policies and under the terms of the policies was vested with the right to exercise all the rights and privileges described in the policies, including the right to surrender the policies and receive the cash surrender value, to make loans on the policies, and to change the beneficiaries thereof without the consent of any other person, the proceeds payable by the Insurance Company upon the death of Bailey were not includable in the gross estate of the decedent for the reason that at the time of his death he did not possess any of the incidents of ownership of the policies. The change in question was made within two years prior to the decedent's death, but there is no claim by the defendant that the assignment was made in contemplation of death. By assignment, the decedent divested himself of control over the policies and their proceeds and the possibility of reverter to him in the event he survived the beneficiaries did not amount to a retention of such a beneficial interest therein as would, on that account, require the inclusion of the proceeds in the gross estate. Bingham et al. v. United States, 296 U.S. 211, 56 S.Ct. 180, 80 L.Ed. 160.

We are of opinion however that this is immaterial since all the policies in question were taken out by the decedent upon his own life and the assignment thereof was made at a time when the revenue acts taxed all insurance receivable by beneficiaries other than the decedent's estate in excess of $40,000 and required the inclusion thereof in the gross estate for the purpose of determining the net estate subject to tax. Plaintiffs rely upon Bingham et al. v. United States, supra, but that case involved insurance policies with respect of which the assignment by the decedent was made and the interests of the beneficiaries had vested prior to the enactment of the Revenue Act of 1918, which was the first act imposing an estate tax upon such insurance proceeds. In that case the court referred to its earlier decision in Lewellyn v. Frick, 268 U.S. 238, 45 S.Ct. 487, 69 L.Ed. 934 (which the Government in its argument attempted to distinguish), and said, 296 U.S. at page 218, 56 S.Ct. at page 181, 80 L.Ed. 160:

"* * * These policies in terms were identical with the corresponding policies in question here. The assignment of the Berkshire policy there was the same as the assignments here. This court applied the rule that Acts of Congress are to be construed, if possible, so as to avoid grave doubts as to their constitutionality; and said that such doubts were avoided by construing the statute as referring only to transactions taking place after it was passed. In that connection we invoked the general principle 'that the laws are not to be considered as applying to cases which arose before their passage,' when to disregard it would be to impose an unexpected liability that, if known, might have been avoided by those concerned. * * *"

The Court then discussed the cases of Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, and Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L. Ed. 35, and in this connection said, 296 U. S. at page 219, 56 S.Ct. at page 181, 80 L. Ed. 160:

"* * * Those principles establish that the title and possession of the beneficiary were fixed by the terms of the policies and assignments thereof, beyond the power of the insured to affect, many years before the act here in question was passed. No interest passed to the beneficiary as the result of the death of the insured. His death merely put an end to the possibility

that the predecease of his wife would give a different direction to the payment of the policies."

It thus appears that the Supreme Court emphasized the fact that the policies there involved were issued and the assignments made prior to the taxing act and that it did not construe the act as applying to interests vested prior to its passage.

In Chase National Bank et al. v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388, the court held that in the case of insurance policies issued prior to the passage of the Revenue Act, but over which the decedent retained control or in which he had some beneficial interest, the proceeds were taxable as part of the gross estate. From this it will be seen that the Supreme Court has held that the proceeds of life-insurance policies are includable in the gross estate notwithstanding they were taken out before the passage of the statute taxing such proceeds if the decedent retained any incident of ownership therein or control thereof. And, on the other hand, it has been held that such proceeds are not subject to the estate tax if the insured prior to the enactment of the taxing act had divested himself of ownership and control thereof and the interests of the beneficiaries had become vested. In none of the cases above referred to has the court passed upon the question whether life-insurance proceeds may be included in the gross estate when the decedent took out the policies of insurance on his own life and made an assignment thereof at a time when the taxing act clearly required, without exception, the inclusion of the proceeds of such policies in the gross estate. Here the decedent was upon notice at the time he took out the policies upon his own life and at the time he made the assignment that the proceeds thereof were subject, by express provision of law, to inclusion in his gross estate. Plaintiffs' position necessarily assumes, although the contention is not specifically made, that to the extent that the taxing statute requires the inclusion in gross estate of the insurance proceeds of the policies taken out after the passage of the act, where the decedent has made an assignment of the policies and surrendered the right to change the beneficiaries, such act is unconstitutional. But, in the circumstances here present, we find nothing arbitrary or capricious in the statutory requirement that the proceeds of life-insurance policies be included in the decedent's gross estate, nor do we think it can properly be said that the requirement that such proceeds be included in the gross estate deprives the beneficiary of property without due process of law. Life insurance is inherently testamentary in character. The payment of premiums and the insured's death are the necessary events giving rise to the full and complete possession and enjoyment of the face amount of the policies by the beneficiary. The acquisition of life-insurance policies on one's own life is a substitute for a testamentary disposition of property, and to allow an insured to avoid the estate tax upon his estate by making an assignment of policies taken out by him, and upon which he paid the premiums at a time when the statute required the inclusion of the proceeds of such policies in his gross estate, would be contrary to the clear language of the statute. Compare Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439.

In Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 56 S.Ct. 70, 80 L. Ed. 62, the court had before it the case involving section 302(d) of the Revenue Act of 1926, 44 Stat. 71, 26 U.S.C.A. § 411(d), which provided for the inclusion in the gross estate of property "To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth." In that connection the court said, 296 U.S. at pages 89, 90, 92, 56 S.Ct. at page 72, 80 L.Ed. 62:

"We are next told that if the act means what it says it taxes a transfer as one taking effect at death though made prior to death and complete when made; that to do this is arbitrary and deprives the taxpayer of property without due process.

"The section was first introduced into the Revenue Act of 1924, and re-enacted in that of 1926. Mrs. James created her trust in 1930. She was, therefore, upon notice of the law's command, and there can be no claim that the statute is retroactive in its application to her transfer.

"The inquiry is whether it is arbitrary and unreasonable to prescribe for the future that, as respects the estate tax, a trans-

fer, complete when made, shall be deemed complete only at the transferor's death, if he reserves power to revoke or alter exercisable jointly with another.

\* \* \* \* \* \* \*

"In view of the evident purpose of Congress we find nothing unreasonable or arbitrary in the provisions of section 302(d) of the Revenue Act of 1926 as applied in the circumstances of this case. It was appropriate for Congress to prescribe that if, subsequent to the passage of that act, the creator of a trust estate saw fit to reserve to himself jointly with any other person the power of revocation or alteration, the transaction should be deemed to be testamentary in character, that is, treated for the purposes of the law as intended to take effect in possession or enjoyment at the death of the settlor."

We think there is equal justification for the inclusion in the gross estate of the proceeds of life-insurance policies taken out by the decedent upon his own life after the passage of the act specifically taxing such proceeds as was present in the circumstances disclosed in Helvering v. City Bank Farmers Trust Co., supra. Cf. Porter v. Commissioner of Internal Revenue, 288 U. S. 436, 53 S.Ct. 451, 77 L.Ed. 880. Subdivision (d) of section 302 made the retention of some authority by decedent concerning the property necessary to the inclusion of its entire value in the gross estate. Subdivision (g) contains no such provision.

The case at bar is somewhat similar to cases involving tenancies. In the joint tenancy cases it was held that with respect to tenancies created before the passage of the 1916 Act only one-half of the value of property so held was subject to inclusion in gross estate under the Revenue Act of 1921 which was not specifically retroactive, but that in cases arising under the Act of 1924 and subsequent acts the entire amount of the value of property so held was subject to inclusion in the gross estate since the acts expressly so provided. Knox v. McElligott, 258 U.S. 546, 42 S.Ct. 396, 66 L.Ed. 760; Cahn v. United States, 297 U.S. 691, 56 S.Ct. 384, 80 L.Ed. 985; Gwinn v. Commissioner, 287 U.S. 224, 53 S.Ct. 157, 77 L. Ed. 270; B. Frank Bushman v. United States, 8 F.Supp. 694, 80 Ct.Cl. 175; O'Shaughnessy v. Commissioner, 6 Cir., 60 F.2d 235.

■ In all the cases cited and relied upon by plaintiffs, except Walker v. United States, 8 Cir., 83 F.2d 103; Helburn v. Ballard, 6 Cir., 85 F.2d 613; Boswell et al. v. Commissioner, 37 B.T.A. 970, the insurance policies were taken out by the decedent and the assignments involved were made by him prior to the enactment of the provision requiring the inclusion of such proceeds in the gross estate. For the reasons hereinbefore stated, we are unable to concur in the conclusions reached in the last three cases mentioned above in which the courts appear to have based their conclusion that the statute did not provide for the inclusion of insurance proceeds in the gross estate where assignments had been made, even though the policies were taken out by decedent and assignment made after the approval of the act, upon the sole ground that such proceeds were received pursuant to the assignments rather than as a result of any transfer by death. The decisions do not appear to have given serious consideration and weight to the effect of the statutory provisions upon policies of insurance taken out by decedent, and upon which he paid the premiums and which policies he assigned after the enactment of the sections specifically requiring the inclusion of the proceeds thereof in his gross estate. We think Congress in section 302 (g) and (h) of the Revenue Acts of 1924 and 1926 and subsequent acts has clearly expressed an intention to include the proceeds of life-insurance policies thereafter taken out by the decedent upon his own life notwithstanding an assignment by him of his right to receive the cash-surrender value or to change the beneficiary, especially where he continues after such assignment to pay the premiums upon the policies. We think Congress possessed the constitutional power to do so. Whatever may be the rights of the beneficiaries under assignments, there is not a complete transmission of the net proceeds of the face amount of the policy or an absolute right to the possession and enjoyment thereof during the lifetime of the insured. His death, coupled with the payment of premiums, is the indispensable event giving rise to or enlarging the enjoyment of valuable property rights not theretofore possessed or enjoyed. There was therefore, we think, a sufficient transfer by decedent's death of an enlarged enjoyment of economic benefits by the beneficiary to justify the imposition of the tax upon such proceeds in cases of policies sub-

sequently taken out and subsequently assigned.

Plaintiffs are not entitled to recover and the petition is dismissed. It is so ordered.