## CHASE NAT. BANK OF CITY OF NEW YORK v. UNITED STATES.

District Court, S. D. New York.

Aug. 3, 1939.

Ewing Everett, of New York City (O. H. Chmillon, of Washington, D. C., Malcolm Johnson, of New York City, and Miller & Chevalier, of Washington, D. C., of counsel), for plaintiff.

John T. Cahill, U. S. Atty., of New York City (Andrew D. Sharpe and Edward First, Sp. Assts. to Atty. Gen., and William F. Young, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Albert Hirst, of New York City, for National Ass'n of Life Underwriters, amicus curiæ.

C. Alexander Capron, Rollin Browne, and George Craven, all of New York City (Mitchell, Taylor, Capron & Marsh, of New York City, of counsel), amici curiæ.

COXE, District Judge.

This is a suit by the executor of Forrest F. Dryden to recover estate taxes alleged to have been illegally collected by the government. It challenges the action of the commissioner in including in the gross estate of the decedent the proceeds of a fully paid up life insurance policy, issued to the decedent in 1920, in which his wife was irrevocably named as the beneficiary, as well as the proceeds of paid up additional insurance purchased with dividends accruing on the policy prior to the death of the decedent. The case has been submitted on stipulated facts.

Prior to 1920, the decedent held a twenty year endowment policy in the Prudential Insurance Company of America which contained a number of alternative modes of settlement to be exercised at maturity. The policy matured in 1920, and the decedent then elected one of the prescribed modes of settlement. There was accordingly issued to him in New Jersey on December 28, 1920, a participating paid up life policy in which his wife was named as the beneficiary. The policy provided for the payment of $50,000 to "Grace M. Dryden, beneficiary, wife of the insured, if the beneficiary survive the insured, otherwise to the executors, administrators or assigns of the insured immediately upon receipt of due proof of the death of the insured".

Under the dividend provisions of the policy, the decedent had the option to receive any dividends in cash, or to apply such dividends to the purchase of paid up additions to the policy, or to permit the dividends to accumulate with interest. It was also provided that "such paid up addition may be surrendered at any time for its full reserve at the time of such surrender." All of the regular dividends on the policy were applied by the decedent to the purchase of paid up additional insurance in the amount of $6,517. There was, however, a small mortuary dividend of $373.48, which was not so applied, but was paid in cash after the decedent's death.

The decedent died on July 19, 1932. His wife received directly from the insurance company $50,000 representing the face amount of the policy, $6,517 representing the additional insurance purchased with the dividends, and the mortuary dividend of $373.48. The commissioner included these three amounts, totaling $56,890.48, in the decedent's gross estate for the purpose of computing the tax. This resulted in an additional tax of $7,850.89, which the plaintiff paid, together with interest of $728.82. The statutory exemption of $40,000 had already been claimed with respect to other policies, and, therefore, played no part in the assessment.

The taxes were assessed under Sections 301(a) and 302(g) of the Revenue Act of 1926, 26 U.S.C.A. §§ 410, 411. Section 301 (a) imposes a tax "upon the transfer of the net estate of every decedent". Section 302(g) provides that in determining the value of the gross estate of a decedent there shall be included "the value at the time of his death of all property * * * (g) to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

The government makes no contention that any interest passed to the beneficiary of the policy as a result of the death of the decedent. It rather takes the position that Section 302(g) required the inclusion of the proceeds of the policy in the gross estate even though no legal incidents of ownership were retained by the decedent. It seeks to justify this construction of the section on the theory that life insurance is testamentary in character, and when taken out by the decedent upon his own life may be regarded as a substitute for a testamentary disposition.

This position of the government has recently been upheld in the Court of Claims in Bailey et al. v. United States, 27 F.Supp. 617, decided May 29, 1939, but not yet officially reported. It has, however, been squarely rejected in Helburn v. Ballard, 6 Cir., 85 F.2d 613; Walker v. United States, 8 Cir., 83 F.2d 103, and Thomas C. Boswell et al. v. Commissioner, 37 B.T.A. 970.

I do not think that any such construction of Section 302(g) as urged by the government is at all tenable. Section 301 (a) imposes a tax upon the "interest which ceased by reason of the death". Edwards v. Slocum, 264 U.S. 61, 63, 44 S.Ct. 293, 68 L.Ed. 564; Young Men's Christian As-

sociation v. Davis, 264 U.S. 47, 50, 44 S.Ct. 291, 68 L.Ed. 558. The two sections must be read together. Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397. When so read, they limit the application of Section 302(g) to policies in which there is some shifting of the decedent's interest as a result of death. Chase National Bank v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388; Helvering v. St. Louis Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239; Bingham v. United States, 296 U.S. 211, 56 S.Ct. 180, 80 L.Ed. 160. In the present case, there is no contention that any legal incidents of ownership were retained by the decedent. Neither is it urged that any interest passed to the beneficiary of the policy as a result of the decedent's death. I am satisfied, therefore, that Section 302(g) does not require that the proceeds of the policy be included in the gross estate of the decedent.

The government insists that Section 302(g) was designed to prevent tax evasion, and that no shifting of interest is needed to sustain it on that ground. The analogy is to the tax on transfers in contemplation of death, which was upheld in Milliken v. United States, 283 U.S. 15, 51 S. Ct. 324, 75 L.Ed. 809, on the ground that it was a tax on transfers intended as substitutes for testamentary dispositions. Life insurance is not, however, inherently testamentary in character; it is more often procured with a purpose to protect dependents from loss of support than it is with any idea of transferring property in anticipation of death. Moreover, the Supreme Court in numerous expressions has indicated that some shifting of interest as a result of death is necessary to support the tax unless there is a transfer in contemplation of death. See Reinecke v. Northern Trust Co., 278 U.S. 339, 348, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397; Helvering v. St. Louis Trust Co., 296 U.S. 39, 43, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239. I do not read the case of Helvering v. Bullard, 303 U.S. 297, 58 S.Ct. 565, 82 L.Ed. 852, as holding to the contrary for there the provision of the statute was explicit, and admitted of no other interpretation than that it applied to the particular transfer under consideration.

The paid up additions to the policy should be treated in the same way as the policy itself. These additions were purchased from time to time with dividends accruing on the policy and became a part of the policy. They were completely vested when taken out, and were "payable in accordance with the terms of the policy". The right of surrender given by the policy could only be exercised by the beneficiary, and no incident of ownership was retained by the decedent. Levy's Estate v. Commissioner, 2 Cir., 65 F.2d 412; Robinson v. United States, D.C., 12 F.Supp. 550. I do not think, therefore, that the additional insurance should have been included in the gross estate.

It is conceded that the mortuary dividend of $373.48 was properly included in the gross estate.

There may be a judgment in favor of the plaintiff for a refund of so much of the tax and interest as relates to the face amount of the policy and the paid up additional insurance.