INDUSTRIAL TRUST CO. ET AL., EXECUTORS, v.
UNITED STATES.

No. 213.   Argued November 22, 1935.—Decided December 9, 1935.

*Mr. Charles P. Taft* for petitioners.

*Mr. David E. Hudson,* with whom *Solicitor General
Reed, Assistant Attorney General Wideman,* and *Mr.
Sewall Key* were on the brief, for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the
Court.

Petitioners, as executors of the estate of William M.
Greene, who died in 1930, filed an estate-tax return and

paid the amount of the federal estate tax disclosed thereby. A paid-up life-insurance policy of $42,000 was omitted from the return. The Commissioner of Internal Revenue declared a deficiency and included the amount of this policy in the gross estate. Petitioners filed a claim for refund, which was rejected by the commissioner. Thereupon, this proceeding was brought in the Court of Claims to recover the amount of the claim. That court held against the right to recover and dismissed the petition.

The policy, issued in 1892, promised to make payment to the wife of the decedent, as sole beneficiary if living; and if not living, to the surviving children of the decedent; and, in the event of none surviving, then to the executors, administrators, or assigns of the decedent. In 1912, the policy became a paid-up policy requiring no further payment of premiums. No power was reserved to change beneficiaries, borrow on the policy or surrender it. The wife of the decedent predeceased him; but he was survived by three children, to whom the proceeds of the policy were paid upon his death.

The case of *Lewellyn* v. *Frick*, 268 U. S. 238, arose under the Revenue Act of 1918. This case arises under the act of 1926, § 302 (g), which is the same as § 402 (f) of the former act. Subdivision (h) of the 1926 act, however, provides that subdivisions (b), (c), (d), (e), (f), and (g) shall apply to " transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act." Whether any of these terms apply to an amount receivable by a beneficiary, under a policy such as we have here, is fairly debatable. See *Wyeth* v. *Crooks*, 33 F. (2d) 1018, 1019. If any of them do apply, the provision is open to grave doubt as to its constitutionality, and the rule of the *Frick* case controls.

The foregoing facts bring the case clearly within our decision just announced in *Bingham* v. *United States, ante,* p. 211; and the judgment of the court below is accordingly

*Reversed.*