*106 OPINION.
TueneR:
The first question presented for our determination is whether or not the respondent erred in including 49,995 shares of common stock of the Whiting Co. in decedent’s gross estate. If we find that the stock ivas properly included, it will then be necessary to determine the fair market value of the stock at the date of decedent’s death.
It is the contention of the petitioners that under the agreement of March 19, 1917, they acquired from the decedent all of her right, title, and interest in and to the stock of the Whiting Co. They further contend that nothing passed from the decedent to them under the agreement dated September 12, 1917, but rather that they gave to her, in place of the annuity of $18,000 per year, the income from the stock for life, which, based on experience and future prospects, would *107 greatly exceed the annuity. If these contentions are sound, no interest in the Whiting Co. passed from the decedent at or by reason of her death, and the respondent erred in including the said stock in her gross estate.
It is the contention of the respondent that the agreement of March 19, 1917, was never carried out; that the decedent never at any time delivered the stock of the Whiting Co. in accordance with its terms; that, in any event, the agreement of March 19, 1917, having been revoked, the stock belonged to the decedent at the time the trust agreement of September 12, 1917, was executed; and that the transfer there made falls within the provisions of section 302 (c) of the Revenue Act of 1926, as amended by section 803 (a)[1] of the Revenue Act of 1932, and the stock so transferred constitutes a part of the decedent’s gross estate by reason of that section of the statute. It is further contended that even though it be said that the instruments of March 19 and September 12, 1917, were effective to transfer all interest of the decedent in the stock of the Whiting Co., these-transfers were made in contemplation of death and for that reason the statute requires that the stock be included in her gross estate.
Considering the contentions of the parties in reverse order, the facts definitely and clearly show that none of the transfers in question were made in contemplation of death. The motive which prompted them was the desire of the decedent to arrange her business affairs so that she and her husband might resume married life free from disputes, differences, and quarrels such as were previously experienced by them. Contemplation of life rather than contemplation of death prompted the transfers.
By the terms of section 302 (c) as amended, supra, a transfer by trust or otherwise is to be included in the gross estate of the decedent grantor where the possession, enjoyment, or the right to the income from the property so transferred is retained for the grantor’s-life, or where the right is retained, either alone or in conjunction with any person, to designate the person who shall possess or enjoy (he property or the income therefrom. Reading the instrument of *108 September 12, 1917, it is apparent that the decedent in the instant case retained no right, either alone or in conjunction with any person, to designate the persons to possess or enjoy the property or the income therefrom. That designation was made at the time of the execution of the instrument itself and no such right was retained. Assuming, however, that the agreement of March 19, 1917, was not carried out or that it was revoked and the stock revested in the decedent, it does appear that the decedent did retain, under the trust instrument of September 12, 1917, the right to the income from the stock during her life, a fact which would bring the transfer within the language of section 302 (c) as amended. It is this provision on which the respondent relies to sustain his position with reference to the transfer to trust. It is not contended that the decedent had any right to revoke the trust so made.
Prior to March 3, 1931, section 302 (c) of the Revenue Act of 1926 contained no specific provision for the inclusion in the gross estate of property transferred in trust where the decedent retained only the right to the income from the property for life. That section did provide for the inclusion of property so transferred when the transfer was to take effect in possession and enjoyment at or after death, and in administering the 1926 Act and prior acts the respondent treated transfers whereby the grantor retained the right to the income from the property for life as transfers intending to take effect in possession or enjoyment at death. In Burnet v. Northern Trust Co., 283 U. S. 782, and Morsman v. Burnet, 283 U. S. 783, the Supreme Court, on authority of May v. Heiner, 281 U. S. 238, rejected that interpretation of the statute and held that property irrevocably transferred to trust with only a reservation by the grantor of the income for life did not constitute a part of the grantor’s estate at death. On March 3, 1931, the day after these decisions by the Supreme Court, Congress adopted a joint resolution amending section 302 (c) of the Revenue Act of 1926 to specifically cover such transfers, and later, by section 803 (a) of the Revenue Act of 1932, amended the said section to its present form.
Our question, then, is whether or not section 302 (c), supra, as amended, relates back and covers transfers made prior to the dates of the amendments in cases where the death of the decedent does not occur until after the amendment dates. The answer to that question can be drawn from the decision of the Supreme Court in Helvering v. Helmholz, 296 U. S. 93. There the Court had before it the interpretation of section 302 (d) of the Revenue Act of 1926, which deals with the power to revoke, alter, or amend a trust instrument!. The provisions there dealt with first appeared in the Revenue Act of 1924. The transfer under consideration was made in 1918. The *109 Court, after pointing out that tjie transfer was complete at the time of the creation of the trust, that no interest remained in the grantor,, and under the revenue act then in force the transfer was not taxable as intended to take effect in possession or enjoyment at the death of the grantor, held that if “section 302 (d) of the Act of 1926 could fairly be considered as intended to apply * * * its operation would violate the Fifth Amendment.” See also White v. Poor, 296 U. S. 98. Cf. Helvering v. City Bank Farmers Trust Co., 296 U. S. 85. We are unable to draw a distinction between the application of section 302 (d) in the above cases and section 302 (c), as amended, in the instant case. Jerome C. Smith v. United States, 16 Fed. Supp. 397. Cf. Bingham v. United States, 296 U. S. 211; Industrial Trust Co. v. United States, 296 U. S. 220; Nichols v. Coolidge, 274 U. S. 531.
It is contended by the respondent, however, that the decedent did not divest herself of legal title to the stock of the Whiting Co. by the trust instrument of September 12, 1917, and that she did not part with the title until the date of her death. He further contends-that by the terms of the instrument the remainder over did not vest in the petitioners as beneficiaries upon the execution of the trust instrument, but vested at the time of decedent’s death. In support of these contentions respondent points to the first paragraph of the instrument, which provides that the trustees, or trustee, “shall have, hold and control all of said property, and shall have and exercise all of the rights and powers of the holder of the legal title thereof, for the purpose of managing and controlling the same * * and to the fifth paragraph of the instrument, which provides for termination of the trust upon the death of the decedent and, upon such termination, that the “said property and all property into which it may have been converted, shall thereupon vest absolutely in Dwight Whiting and George 1ST. Whiting, share and share alike, or, in the event of the prior decease of them, or either of them, the share of each such deceased person shall immediately vest absolutely in such person, or persons, as he shall have designated by will * * It is argued that the language of the first paragraph clearly shows that the decedent intended to and did retain the legal title to the stock of the Whiting Co. until the date of her death and in effect that she merely appointed Dwight Whiting and George N. Whiting as agents to manage the property for her. In our opinion this contention can not be sustained. The property involved was personal property. The whole purport and tenor of the agreement was that the petitioners here should receive the property as trustees. The language quoted indicates that they were to “have and exercise all of the rights and powers of the holder of legal title.” *110 It was also provided that they were to have the right to sell and convey any part of the property. These provisions clearly indicate the presence in the trustees of the legal title. The decedent parted with everything that she had, in so far as the stock of the Whiting Co. was concerned, except a right to the income during her life. Cf. Tait v. Safe Deposit Trust Co. of Baltimore, 74 Fed. (2d) 851.
With reference to the language contained in the fifth paragraph of the trust instrument to the effect that the property should vest absolutely in Dwight Whiting and George 1ST. Whiting upon the death of the decedent, the argument of the respondent is definitely answered in Kinney v. Commissioner, 80 Fed. (2d) 568, affirming 30 B. T. A. 604. That was a California case and the trust instrument contained language almost identical with that contained in the fifth paragraph of the trust instrument in the instant case. After reviewing the California statutes and court decisions it was held that the remainder vested at once in the beneficiaries. The court further stated: “There were persons in being who could take, under the terms of the instrument, upon the ceasing of the precedent interest, which brings the matter in controversy under the code provision defining vested estates. Moreover, there was no contingency directly (or indirectly) expressed, which could defeat the vesting of the interests.” It is thus apparent that Dwight Whiting and George N. Whiting received a vested remainder in the trust property at the time of the transfer under the trust instrument in 1917 rather than at the date of the decedent’s death.
In reaching the foregoing conclusion we do not overlook the provision in the trust agreement of September 12, to the effect that in event the income of the trust was insufficient for the payment to the decedent of $1,500 monthly, the trustees were authorized and were under a duty to pay the deficiency from the corpus. The evidence indicates that at the time of the creation of the trust it appeared that the future annual income would be greatly in excess of the payment to be made to the decedent, as actually proved to be the case, for every year thereafter down to the time of her death. Under these circumstances the possibility of an invasion of the corpus was too remote and improbable to be of any significance here. Cf. Ithaca Trust Co. v. United States, 279 U. S. 151.
It is apparent from the foregoing that it is not necessary to discuss or consider the effect of the instrument of March 19,1917. Even though it be said that the decedent parted absolutely with the stock of the Whiting Co. on March 19, 1917, and, regardless of whether or not she reacquired it upon revocation of the March agreement, she definitely and finally parted with any interest that she might have had under the trust instrument of September 12, 1917, except a right *111 to the income for life. The right to the income was obliterated at her death and nothing was left which passed from her to the petitioners or any other living person in so far as the stock of the Whiting Co. was concerned. The trust instrument was irrevocable and she retained no power thereunder by which she could recall at any time during her life any portion of the property conveyed. It was error to include the stock of the Whiting Co. in the decedent’s gross estate.
Reviewed by the Board.

Decision will be entered for the petitioners.

Sec. 803. (a) Section 302 (c) of the Revenue Act of 1926, as amended by the Joint Resolution of March 3, 1931, is amended to read as follows:
“(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money’s worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.”