## MORSE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6665.

Circuit Court of Appeals, Seventh Circuit.

Nov. 28, 1938.

Conrad H. Poppenhusen and Anan Raymond, both of Chicago, Ill., P. Michael Cook, of Washington, D. C., and R. Z. Hickman, of Chicago, Ill., for petitioner.

C. C. Hamilton, of Washington, D. C., James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Oliver

W. Hammonds, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

We have before us a petition for review of a decision of the Board of Tax Appeals entered February 25, 1938, determining that the Commissioner correctly asserted an income tax deficiency for the calendar year 1932, in the amount of $5982.24.

Petitioner was the insured in four 20-payment life insurance policies issued by the Commercial Life Insurance Company of Chicago (later taken over by the Old Colony Life Insurance Company), Nos. 2190 issued September 16, 1907, 4268, 4269 and 4270 issued January 26, 1910. Each of the policies was in the amount of $10,000 and provided that, after the payment of premiums for twenty years, the insured might either continue the contract in force without further payment of premiums, or exercise the option to surrender the policy for a stated cash value, or the option of receiving an annuity. Policy No. 2190 was fully paid up in 1927 and at that time had a cash surrender value of $4980. Policy No. 4268 was fully paid up in 1929 and had a cash surrender value of $5200. The other two policies, Nos. 4269 and 4270 were fully paid up in 1930 and had a cash surrender value of $5200 each. The total amount of premiums paid upon such policies was $21,744.

All of the policies were originally payable to the petitioner's estate. On January 11, 1928, the petitioner, by causing proper endorsement on the policies, designated his son, John, as beneficiary under policies Nos. 4269 and 4270, and his daughter, Barbara Joan, as beneficiary under policies Nos. 2190 and 4268, reserving the power of revocation. On June 24, 1932, petitioner, by causing proper endorsement on the policies, irrevocably designated the same individuals as beneficiaries of the same policies.

In 1932, the Old Colony Life Insurance Company became insolvent and on September 20, 1932, receivers were appointed by the Circuit Court of Cook County, Illinois. On that date, the policies had a total cash value of $21,996.20, being the cash value of the respective policies at the end of twenty years, plus interest at 3½%. November 7, 1932, the court approved the first report of the receivers and ordered the liquidation of the business of the company. November 10, 1932, the court approved and ordered the receivers to accept a proposed agreement of the Life and Casualty Insurance Company of Chicago, which agreed to reinsure, under certain conditions (including a 100% lien on reserves) the policies which had been written by the insolvent company.

In his income tax return for the year in question, petitioner claimed a loss of $21,996.20 (the cash value of the policies) as a deduction under Section 23(e) of the Revenue Act of 1932, 47 Stat. 179, 26 U.S.C. A. § 23(e). Said act is as follows:

"(e) Losses by Individuals.—Subject to the limitations provided in subsection (r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *"

The Board of Tax Appeals based its decision upon the premise that because of the irrevocable designation by petitioner of his son and daughter as beneficiaries under the policies, no loss was sustained by petitioner. Respondent argues three propositions in support of the Board's decision: First, the loss, as claimed, was not one recognizable under the pertinent provision of the Revenue Act; second, the petitioner has sustained no deductible loss, and third, petitioner has not proved either the amount or the year of the alleged loss. As related, the Board disposed of the matter by deciding the second question adversely to petitioner. In view of our conclusion that the decision of the Board must be sustained, we shall likewise consider only the same question. In other words, assuming, but not deciding, that the alleged loss is within the language of the Revenue Act in question, and also assuming, but likewise not deciding, that the time and amount of the alleged loss were properly fixed, we shall consider only the question as to whether the petitioner sustained a deductible loss. A determination of this question must depend upon the interest or property right, if any, retained by the petitioner in the policies after irrevocably designating his children as beneficiaries.

It seems to be the general rule, which, we gather from petitioner's brief, is not disputed, that the irrevocable designation of a beneficiary creates therein a vested

right in the proceeds of the policy. Washington Central Nat. Bank v. Hume, 128 U.S. 195, 206, 9 S.Ct. 41, 32 L.Ed. 370. Petitioner, however, by some process not entirely clear to us, seeks to distinguish between the right acquired by the irrevocable beneficiary to the proceeds of an insurance policy having a cash surrender value, and one which does not. No case is cited, and our own investigation has failed to produce one, where the exact question here raised has been determined.

In Morgan v. Penn Mutual Life Insurance Company, 8 Cir., 94 F.2d 129, we find a discussion which, though not entirely in point, furnishes some light on the question. There the action was by the beneficiary as plaintiff against the insurance company to recover on a policy which had been surrendered by the insured for the cash value without the consent or knowledge of the beneficiary. The court points out that the policy in suit reserved to the insured the right to change the beneficiary and also the right of assignment. In discussing the question, the court on page 130 said: "Where no right is reserved in the policy to change the beneficiary without his consent, the policy confers immediately upon its issue a vested right in the beneficiary that cannot be defeated by assignment or transfer without his consent, but it is equally well settled by controlling authority in the national courts that, where the policy by its terms gives the insured the right to change the beneficiary or assign the policy, the beneficiary takes only a contingent interest therein in the nature of an expectancy. (Citing cases.)"

The court reviewed the authorities and decided adversely to the contention there advanced by the plaintiff that, even though the insured had the power to change the beneficiary this would not entitle him to surrender the policy without the consent of the beneficiary, on the ground that the policy reserved to the insured the absolute right to make such change. The court concluded that the beneficiary, under such circumstances, had no vested right in the policy. Again the court, page 131, said: "The insured, under the terms of this policy, had complete control and dominion of it, and, under such circumstances, the beneficiary, having a mere expectancy, could have no interest nor concern in the method or means employed by the insured in making disposition of his own property." The court, in this case, having stressed the reservation contained in the policy regarding the insured's right to change the beneficiary or assign, it seems certain, from the language used, would have held otherwise if confronted with a proposition such as we find here, wherein the insured made an irrevocable designation of beneficiaries.

In Mutual Life Insurance Company of New York v. Allen, 212 Ill. 134, 72 N.E. 200, the court seems to recognize the principle that the insured is precluded from taking action to the detriment of the beneficiary unless the power is expressly reserved by a provision of the policy. On page 138, 72 N.E. on page 202, it is said: "But it was not shown that the assured had the power to cancel the policy. The appellee was named as beneficiary in the policy, and had possession of the instrument. She had a vested right in the fund provided to be paid by the policy, unless power to divest that right was expressly reserved to the assured by a provision of the policy."

D'Arcy et al. v. Conn. Mutual Life Insurance Company, 108 Tenn. 567, 69 S.W. 768, was a suit on a policy payable in ten years and which, after said payments had been completed, was surrendered by the insured, without the consent of the beneficiary, for its cash surrender value. The opinion is silent concerning any provision in the policy as to the insured's right to change the beneficiary, but after disposing of other questions, the court, page 772 says: "The insured, James Sweeney, had no authority to collect the cash surrender value of the policy in 1894, since his only daughter, Mrs. D'Arcy, as sole beneficiary, had a vested interest therein, which could not be effected by such a settlement." In other words, notwithstanding the fact that the insured had surrendered the policy and obtained its cash surrender value, a recovery of the face value was had by the beneficiary.

In Condon v. New York Life Insurance Company of New York, 183 Iowa 658, 166 N.W. 452, 19 A.L.R. 649, the court, in discussing the rights of insured and beneficiary, on page 453 said:

"It is held by the great weight of authority that the interest of a designated beneficiary in an ordinary life policy vests upon the execution and delivery thereof, and, unless the same contains a provision authorizing a change of beneficiary without the consent thereof, the insured cannot make such change. [Citing cases.]

"And this applies to a policy to which there are attached the incidents of a loan value, cash surrender value, and automatic

extensions by premiums paid. [Citing cases.]"

It seems plain from this language that the beneficiary, irrevocably designated as such, has a vested right not subject to change at the hand of the insured, and this, irrespective of whether the policy is one of ordinary life or one providing for a cash surrender value.

Our attention is called to a class of cases which hold that, where an insured has irrevocably designated a beneficiary, the insured relinquishes all right to the cash surrender value. These cases arise, in determining for revenue purposes, the gross estate of a decedent and we find the position of the parties reversed to what they are here, the Government contending that the cash or surrender value of an insurance policy is a part of the decedent's estate, while the representatives of the decedent argue to the contrary. The courts have usually decided against the Government's contention. Typical of such cases is Helvering v. Parker, 8 Cir., 84 F.2d 838, wherein the court had under consideration policies in which the wife of the insured was designated as beneficiary with no right reserved on the part of the insured to change the same. The policies also provided for a cash or surrender value. The court on page 839 said:

"The New York Life policy was paid up March 7, 1913, and remained in force. After that date the insured had no right to surrender it or to borrow money upon it.

"*    *    *    *    *    *

"Each of the Union Central policies contained a loan provision, but required the 'legal assignment of the policy to the company as collateral security.' Under the terms of these three policies the vested interest of the beneficiary could not be divested without her consent, hence there could be no legal assignment of the policies by anyone but herself. [Citing cases.]"

In discussing the situation where the insured reserves no right to change beneficiary, on the following page it is said: "Where the insured reserves no rights incidental to ownership or control of the policies, so that death transfers nothing to the beneficiary and shifts no economic benefits, there is no transfer within the reach of the taxing power, and such policies are not covered by the statute. Industrial Trust Co. et al. v. United States, 296 U.S. 220, 56 S.Ct. 182, 80 L.Ed. 191; Bingham v. United States, 296 U.S. 211, 56 S.Ct. 180, 80 L.Ed. 160; Walker v. United States (C. C.A. 8) 83 F.2d 103, 108, 110."

Other cases where the same conclusion has been reached are Pennsylvania Company v. Commissioner, 3 Cir., 79 F.2d 295 and Levy's Estate v. Commissioner, 2 Cir., 65 F.2d 412.

Notwithstanding petitioner's argument that there is no analogy between such cases and the instant one, it appears to us that they are of persuasive effect. Under such decisions, if petitioner had died in 1932, and the Government had sought to include the cash or surrender value of the policies in decedent's gross estate, it would have been unsuccessful for the reason that petitioner, during his lifetime, by his own act, had vested in the beneficiaries all interest, including the cash or surrender value. He would have had no right to surrender, borrow or assign.

The case of Kyle v. McGuirk, 3 Cir., 82 F.2d 212, is stressed in support of petitioner's position. In that case it was held that the insured, during his lifetime, had a property right in the insurance subject to distraint for income taxes owing by the insured. It is pointed out in that case, however, that the insured reserved the right to change the beneficiary, and that, of course, is the distinguishing feature. Under such a reservation, the insured, no doubt, had a right to change his beneficiary and retained a property interest in the policy, including, perhaps, the right of surrender for the cash value thereof.

In the instant case, the insured had a right, after making payment of twenty annual premiums as the policies provided, to the cash or surrender value thereof, but instead of exercising such right, he designated his children as irrevocable beneficiaries. By this act we think he terminated his right to cancellation and surrender and divested himself of all control and dominion over the policies and all the rights and privileges appertaining thereto. Petitioner's argument that such action could apply only to the proceeds of the policies, effective at petitioner's death, in contrast to the cash or surrender value of the same, is not tenable. To permit petitioner to exercise the option which he at one time had, of surrendering the policies and obtaining the cash value thereof, is to nullify his act in irrevocably designating his children as beneficiaries. This result is certain to follow for the reason that if, after making such designation, the insured had a right to surrender the poli-

cies and obtain the cash value thereof, he was enabled to destroy all the rights of the beneficiaries therein. Thus finis is written to a contract without the consent of the beneficiary, notwithstanding a vested right was created in the policy by the act of the insured himself.

The decision of the Board is affirmed.