### BAILEY et al. v. UNITED STATES.
### No. 45505.

Court of Claims.
Dec. 4, 1939.

For former opinion, see 27 F.Supp. 617.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

Morris H. Goldman, of Philadelphia, Pa. (Fred W. Weitzel, of Washington, D. C., on the brief), for plaintiffs.

Elizabeth B. Davis, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

LITTLETON, Judge.

In this case the court on May 29, 1939, entered findings of fact, conclusion of law, and opinion dismissing the petition on the ground that sections 302 of the Revenue Act of 1926, 26 U.S.C.A. § 411, and 401 of the Revenue Act of 1932, 26 U.S.C.A. § 535, required the inclusion in the decedent's gross estate of the proceeds in excess of $40,000 of insurance under policies taken out by the decedent upon his own life between March 1925 and January 1929 when the facts show that the decedent continued after the assignment of the policies on July 20, 1932, to pay the premiums thereon until his death in 1933, Ct.Cl., 27 F.Supp. 617.

Upon the filing by the executors of a supplemental motion for a new trial stating that they believed they would be able to show, if permitted to do so, that the ben-eficiary under the policies, and to whom the policies had been assigned, paid the premiums thereon subsequent to the assignment and until the death of the decedent, the parties were permitted to submit additional evidence with reference to whether or not the premiums on the policies in question between the date of their assignment and the death of the decedent were paid by the decedent or the beneficiary to whom such policies had been assigned. Additional evidence was submitted by plaintiffs and it shows that the beneficiary who became the life owner of the policies upon the assignment paid all premiums subsequent to the date of such assignment. Accordingly, an order has been entered vacating and withdrawing the last sentence of finding 7 of the court's findings entered May 29, 1939, and entering, in lieu thereof, a finding that "Subsequent to July 20, 1932, all premiums thereon were paid by the beneficiary and life owner, Bertha M. Bailey, from her individual and separate funds." In view of this fact the court is of opinion that plaintiffs are entitled to recover the tax and interest of $11,179.98 paid as a result of the inclusion in the gross estate by the Commissioner of Internal Revenue of the proceeds of such policies in excess of the exemption of $40,000 and an order has been entered withdrawing the former conclusion of law dismissing the petition and entering a conclusion of law upon the facts as they now appear awarding the plaintiffs judgment of the amount above stated with interest as required by law.

The case was originally tried and submitted upon the proposition that the proceeds of the insurance policies could not under the provisions of sections 302 and 401, supra, be included in the gross estate for the purpose of determining the net estate subject to tax, even if the decedent had continued after the assignments to pay the premiums. The former opinion of the court stands as authority that this may not be done. The Departmental Regulations are not inconsistent with this view. The former opinion is modified only to the extent that it may be regarded as holding that sections 302 and 401 require the inclusion in the gross estate of insurance proceeds under policies unconditionally assigned where the premiums are subsequently paid by the beneficiary, or the person to whom assigned, from his or her own funds.