**BAILEY et al. v. UNITED STATES.**

No. 43505.

Court of Claims.

March 4, 1940.

For former opinion, see 27 F.Supp. 617, and for former opinion as modified, see 30 F.Supp. 184.

Morris H. Goldman, of Philadelphia, Pa., (Fred W. Weitzel, of Washington, D. C., on the brief), for plaintiffs.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

LITTLETON, Judge.

The defendant's motion for a new trial and for judgment dismissing the petition is based on the opinion of the Supreme Court in Helvering et al. v. Hallock et al., 60 S.Ct.

444, 84 L.Ed. ——, 125 A.L.R. 1368, decided January 29, 1940.

All of the insurance policies involved in this case were taken out by Walter C. Bailey on his own life subsequent to the enactment of section 302 (g) of the Revenue Act of 1924, 43 Stat. 305 (finding 6, entered May 29, 1939), and were assigned July 12, 1932, so as to make his wife, Bertha M. Bailey, and son, W. C. Bailey, life owners of the policies and the survivor unconditionally entitled to the proceeds thereof upon the death of the insured provided they survived him. The assignment further provided that if the insured should survive these beneficiaries he would then become the "life owner," as before the assignment, and that the proceeds of the policies would be payable to his "executors, administrators, or assigns" (Finding 7).

In the first opinion of May 29, 1939, 89 Ct.Cl. 364, D.C., 27 F.Supp. 617, we laid aside as having no bearing on the question of taxability, in view of Helvering v. St. Louis Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239; Becker v. St. Louis Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35, and Industrial Trust Co. et al. v. United States, 296 U.S. 220, 56 S.Ct. 182, 80 L.Ed. 191, the fact that under this transfer inter vivos the right of the assignees to the proceeds of these policies in excess of the exemption, which is the only property with which we are here concerned, was wholly conditional upon such assignees surviving the assignor (insured). We held, however, that since the record required the finding that the insured had continued to pay the premiums after assignment Congress had authority to tax the proceeds, i. e., to require their inclusion in the gross estate for the purpose of determining the net estate to be used as the measure of the estate tax, and that it had done so by the language of section 302 (g), Revenue Act of 1924, and corresponding sections in subsequent acts. We therefore dismissed the petition.

Subsequently, upon a motion for a new trial and for permission to introduce further evidence, we held, upon evidence showing that the assignee, Bertha M. Bailey, had paid all the premiums subsequent to assignment, that, in such case, under the rule of Helvering v. St. Louis Trust Co., supra, the proceeds were not taxable. The decision dismissing the petition was therefore vacated (opinion December 4, 1939, D.C. 30 F.Supp. 184), and judgment entered for refund of the tax paid.

In Industrial Trust Co. et al. v. United States, 80 Ct.Cl. 647, 9 F.Supp. 817, we thought that under the rule announced in Klein v. United States, 283 U.S. 231, 51 S. Ct. 398, 75 L.Ed. 996, the retroactive provision of section 302 (h), Revenue Act of 1924, 43 Stat. 305, authorized the inclusion in the gross estate of insurance proceeds of policies taken out prior to 1916 where such proceeds were payable to the estate or assignees of the insured if he survived the beneficiary, who was also designated prior to 1916, when the insured did not die until May 30, 1930. The Supreme Court held (Industrial Trust Co. v. United States, 296 U.S. 220, 56 S.Ct. 182, 80 L.Ed. 191), first, that since the policies were taken out and became fully paid-up policies prior to the enactment of the first statute imposing an estate tax, the rule announced and applied in Lewellyn v. Frick, 268 U.S. 238, 45 S. Ct. 487, 69 L.Ed. 934, was controlling, and that the retroactive provision in a subsequent statute did not help the government's contention; and, second, that under the decisions in Helvering v. St. Louis Trust Co., supra, and Becker v. St. Louis Trust Co., supra, a provision in a policy that if the insured survived the named beneficiary the proceeds should be paid to his estate or his assignees would not authorize the taxation of such proceeds where the insured did not reserve the right to alter the provision naming such beneficiary and to designate another.

Plaintiffs here contend "that the Hallock decisions have no application to the facts of this case and the principles there involved are not here present." With this we cannot agree. Nor do we now consider, in view of the Hallock case, as of any controlling importance the fact that the designated beneficiary (assignee), rather than the insured, paid all premuims subsequent to 1932 when the insured surrendered the right to change the beneficiaries designated as "life owners" unless he survived them. The rule of the Hallock case is not conditioned upon who bears the expense of maintaining or carrying the property or property rights transferred until the transferor's death or until it reverts to him. In most cases of such transfers inter vivos the beneficiary or a trustee for such beneficiary bears such expense. Otherwise the income is taxable to the donor. Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439.

In view of the facts in the case at bar we think the proceeds of the policies taken out by the insured and conditionally assigned in 1932 are taxable under the decision in Helvering v. Hallock et al., supra, in which the decisions in the St. Louis Trust Co. cases were modified. For the reasons stated by the court in the Hallock case, and by this court in Industrial Trust Co. v. United States, supra, as applied to facts such as obtain here, the defendant's motion for a new trial is allowed and the petition is dismissed. It is so ordered.