**KEEFE et al. v. UNITED STATES.**

No. 45518.

Court of Claims.

Oct. 5, 1942.

Richard F. Canning, of Providence, R. I. (Andrew P. Quinn, of Providence, R. I., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

The question in this case is whether the proceeds of six life-insurance policies amounting to $80,519.80 were properly included, in excess of the $40,000 exemption, by the Commissioner of Internal Revenue in the gross estate for the purpose of determining the net estate subject to tax.

The plaintiffs contend that inasmuch as all of the policies were taken out by the decedent on his own life prior to the Revenue Act of 1918, which was the first revenue statute requiring the inclusion in the gross estate for the purposes of the estate tax, of the proceeds of life-insurance policies, such proceeds were not taxable when the insured died August 3, 1935. The insured reserved the right to change the beneficiaries and he did change them or change their rights under the policies in 1930 and 1932. The position and argument of plaintiffs are summarized in their brief as follows: "The Supreme Court in the Frick case [Lewellyn v. Frick, 268 U.S. 238, 45 S.Ct. 487, 69 L.Ed. 934] held that there was no difference between a policy in which the insured retained no rights and a policy in which he retained the right to change the beneficiary. If the right to change is thus immaterial, surely the exercise of that right, after the enactment of the statute, is likewise immaterial. The insured in the Frick case could have changed the beneficiary after 1918 just as readily as did John W. Keefe. The fact that Mr. Frick did not exercise

his right, whereas John W. Keefe did, is a distinction without a difference. In both cases the power was present, and the fact that the insured in one case exercised his power whereas in the other case he did not is a matter having no legal significance."

The defendant makes three contentions. The first contention is that the decisions in Lewellyn v. Frick, 268 U.S. 238, 45 S.Ct. 487, 69 L.Ed. 934; Bingham v. United States, 296 U.S. 211, 56 S.Ct. 180, 80 L.Ed. 160, and Industrial Trust Co. et al., Executors, v. United States, 296 U.S. 220, 56 S.Ct. 182, 80 L.Ed. 191, are not controlling under the facts in this case because the insured retained in the insurance contracts the right to change the beneficiaries under the policies, the proceeds of which were expressly made subject to the estate tax by section 302 (g) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 231, applicable here, which provision was by subdivision (h) expressly made applicable to transfers, trusts, etc., whether made, created, arising, etc., before or after the enactment of that act. And also because Art. 27 of Treasury Regulations 80, promulgated under the 1926 act, required the inclusion of the proceeds of any policy of insurance "regardless of when the policy was * * * issued, if the decedent possessed at the time of his death any of the legal incidents of ownership." Art. 25 of this regulation expressly defined the power to change the beneficiary of such a policy as a legal incident of ownership.

The second contention is that this case upon its facts is governed by the decisions in Chase National Bank v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388, and Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397. Under this contention it is argued by the defendant that in view of the decision in Chase National Bank v. United States, supra, which was several years later than the decision in Lewellyn v. Frick, supra, "it seems clear that where a right is reserved to change beneficiaries, which right is in existence at the date of death [after June 2, 1924], it is immaterial when the policies were taken out, since in such a case, the determination as announced in Chase National Bank is that the decedent at the time of his death had an incident or ownership in the policy and since that is so the statute is not applied retroactively in a constitutional sense."

The third contention of the defendant is that in any event the proceeds of the policies here in question were taxable because in 1930 and 1932, the insured, who did not die until August 3, 1935, exercised, under the terms of the policies, his right of ownership over the policies by changing all of the beneficiaries previously designated therein when the policies were taken out. It is therefore contended that the fact that the policies were taken out by the decedent prior to the enactment of the Revenue Act of 1918, 40 Stat. 1067, is not controlling. It is further argued that this distinguishes the case of Lewellyn v. Frick, supra, where, although the decedent who died in 1919 after the passage of the 1918 act had the right under the policies therein involved except one, to revoke certain assignments and to change the beneficiaries, he did not exercise any right of ownership in the policies by changing any of the beneficiaries after the enactment of the 1918 Act. It is further argued by the defendant that the decisions in Bingham v. United States and Industrial Trust Co. et al., Executors, v. United States, supra, are not directly in point for the reason that in each of those cases the insured had taken out the policies, designated the beneficiaries, and had assigned the policies and surrendered the right to revoke the assignments or to make any further change in the beneficiaries or to exercise any right of ownership over the policies, all prior to the enactment of the Revenue Act of 1918, and that the only interest which the insured had until death was the possibility of reverter by reason of a provision in the policies that if the insured should survive the designated beneficiaries and assignees the proceeds should be paid to the executors or administrators of the insured.

Upon the facts in this case and for the reasons hereinafter given, we are of opinion that defendant is correct in all of its contentions. We think this case is clearly distinguishable from Lewellyn v. Frick, 268 U.S. 238, 45 S.Ct. 487, 69 L.Ed. 934; Bingham v. United States, 296 U.S. 211, 56 S.Ct. 180, 80 L.Ed. 160; Industrial Trust Co. et al., Executors, v. United States, 296 U.S. 220, 56 S.Ct. 182, 80 L.Ed. 191, and Ida Braun et al. v. United States, 46 F. Supp. 993, this day decided. The only similarity between this case and the cases just cited is that all of the insurance policies involved were taken out and beneficiaries were first designated prior to the enactment on February 24, 1919, of the Revenue Act

of 1918. But there are here other facts which are important from the standpoint of whether the proceeds of these policies were includible in the gross estate for the purpose of determining the net estate subject to the tax.

In Lewellyn v. Frick, supra, the eleven policies involved were all taken out prior to 1918 and the beneficiaries thereunder were designated also prior to that year and no changes in any of the beneficiaries were thereafter made. One of the policies named the beneficiary without reservation of power to revoke or change; the others reserved to the insured the power to change the assignments or the designated beneficiaries. Frick died December 2, 1919. Section 402 (f), Revenue Act of 1918, which taxed the proceeds of life insurance policies, was not retroactive. This taxing provision was first made retroactive by section 302 (h), Revenue Act of 1924, approved June 2, 1924, 26 U.S.C.A. Int.Rev. Acts, page 68.

In its opinion in the Frick case the Court at pages 251, 252, of 268 U.S., at page 488 of 45 S.Ct., 69 L.Ed. 934, said: "We do not propose to discuss the limits of the powers of Congress in cases like the present. It is enough to point out that at least there would be a very serious question to be answered before Mrs. Frick and Miss Frick could be made to pay a tax on the transfer of his estate by Mr. Frick. There would be another if the provisions for the liability of beneficiaries were held to be separable and it was proposed to make the estate pay a transfer tax for property that Mr. Frick did not transfer. Acts of Congress are to be construed if possible in such a way as to avoid grave doubts of this kind. Panama R. R. Co. v. Johnson, 264 U.S. 375, 390, 44 S.Ct. 391, 68 L.Ed. 748. Not only are such doubts avoided by construing the statute as referring only to transactions taking place after it was passed, but the general principle 'that the laws are not to be considered as applying to cases which arose before their passage' is preserved, when to disregard it would be to impose an unexpected liability that if known might have induced those concerned to avoid it and to use their money in other ways. Shwab v. Doyle, 258 U.S. 529, 534, 42 S.Ct. 391, 66 L.Ed. 747, 26 A.L.R. 1454. This case and the following ones, Union Trust Co. v. Wardell, 258 U.S. 537, 42 S.Ct. 393, 66 L. Ed. 753, Levy v. Wardell, 258 U.S. 542, 42 S.Ct. 395, 66 L.Ed. 758, and Knox v. Mc-Elligott, 258 U.S. 546, 42 S.Ct. 396, 66 L. Ed. 760, go far toward deciding the one now before us. They also indicate that the Revenue Act of 1924, c. 234, § 302 (h), 43 Stat. [250], 253, 305, making (g) (the equivalent of (f) above) apply to past transactions, does not help but if anything hinders the Collector's construction of the present law. Smietanka v. First Trust & Savings Bank, 257 U.S. 602, 42 S.Ct. 223, 66 L.Ed. 391."

We think it would extend the decision in the Frick case further than the court intended that it should go to hold it determinative of the question here presented upon the facts in this case and section 302 (g) and (h), Revenue Act of 1926. The doctrine of the Frick case should, we think, be applied "strictly and only in circumstances closely analogous to those which it disclosed," Burnet v. Coronado Oil and Gas Company, 285 U.S. 393, 398, 52 S.Ct. 443, 444, 76 L.Ed. 815.

In Bingham et al., Executors, v. United States, supra, the facts were that prior to 1900 the insured (King Upton) took out seven insurance policies on his own life. Four of the policies were assigned by the insured in 1904 to his wife "provided she survives me." In the others the beneficiaries were named without reservation of power to change them. The decedent Upton had no power, none being reserved, to change any of the beneficiaries, to pledge or assign the policies, or to revoke the assignment to his wife, or surrender the policies without the consent of the beneficiaries. The insured died February 27, 1921, while the Revenue Act of 1918 was in effect.

The court held, first, that upon the facts the decision in the Frick case was applicable, and, second, that the principles announced in Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, and Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S. Ct. 78, 80 L.Ed. 35, were also decisive in favor of the taxpayers.

On the first point the court, at pages 218, 219 of 296 U.S., at page 181 of 56 S.Ct., 80 L.Ed. 160, said: "Eleven policies were involved in the Frick case, all antedating the passage of the act. * * * These policies in terms were identical with the corresponding policies in question here. The assignment of the Berkshire policy there was the same as the assignments here. This court applied the rule that Acts of Congress are to be construed, if possible,

so as to avoid grave doubts as to their constitutionality; and said that such doubts were avoided by construing the statute as referring only to transactions taking place after it was passed. In that connection we invoked the general principle 'that the laws are not to be considered as applying to cases which arose before their passage,' when to disregard it would be to impose an unexpected liability that, if known, might have been avoided by those concerned. The court below sought to distinguish the decision on the ground that this court did not refer to those specific provisions set forth in the policies and assignments which are pertinent here. * * * The government makes the same point, and contends that since this court did not allude to these provisions in the opinion, the decision cannot be regarded as having passed on their effect. * * * In Lewellyn v. Frick the policies and assignments, in their entirety, were definitely before the court; and this necessarily included each of the provisions which they contained. Moreover, both in the appendix to the government's brief and in the main brief of the taxpayers, the attention of the court was distinctly called to all of the provisions which are now invoked. The latter brief summarized and described the provisions of the four classes of policies which were involved * * *. This court, without stopping to recite the various specific provisions that were thus clearly brought to its attention, held that the proceeds of none of the policies were subject to the estate tax under section 402 (f). It fairly must be concluded that in reaching that result these provisions were considered, and that such of them as bore upon the problem, there as well as here presented, were found not to require a different determination. We think the points now urged by the government were decided in the Frick case, and find no reason to reconsider them."

From the above it will be seen that the decision in the Frick case was applied because the facts in the two cases were substantially the same.

On the second point the court, at page 219 of 296 U. S., at page 181 of 56 S.Ct., 80 L.Ed. 160, said: "The principles so recently announced by this court in Helvering v. St. Louis Union Trust Co. [ante], 296 U. S. page 39, 56 S.Ct. 74, 80 L.Ed. 29 [100 A.L.R. 1239] and Becker v. St. Louis Union Trust Co. [ante], 296 U.S. page 48, 56 S.Ct. 78, 80 L.Ed. 35, are decisive of the case in

favor of the taxpayers. Those principles established that the title and possession of the beneficiary were fixed by the terms of the policies and assignments thereof, beyond the power of the insured to affect, many years before the act here in question was passed. No interest passed to the beneficiary as the result of the death of the insured. His death merely put an end to the possibility that the predecease of his wife would give a different direction to the payment of the policies."

The opinions in the two cases cited in the last above quotation from the Bingham case were expressly overruled in Helvering v. Hallock (and companion cases), 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. In the Hallock group of cases two of the 3 trusts involved were created in September 1919 and in 1925 and the transferors died in 1932 and 1934, respectively, and the third trust was created in 1917 and the transferor died in 1930. Each trust contained a provision that if the transferor should survive the beneficiary of the trust income the trust corpus would be returned to the creator of the trust. The court held that the trust properties were includible in the gross estate of the transferors under section 302 (c) of the Revenue Act of 1926, as amended by section 803 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code § 803 (c). The court did not have any occasion in the Hallock case to mention or discuss the case of Lewellyn v. Frick, supra, because of the statutory provision applicable and the particular facts, with reference to the question therein decided. But under the facts of the case at bar, the reasoning and the principles announced and applied in the Hallock case, have an important bearing on the question presented upon the facts now before us. See Bailey v. United States, 31 F.Supp. 778, 90 Ct. Cl. 644.

The case of Industrial Trust Co. et al., Executors, v. United States, 296 U.S. 220, 222, 56 S.Ct. 182, 80 L.Ed. 191, involved life-insurance policies similar in all material respect to those before the court in the Frick case and the Bingham case, the only distinguishing feature being that the insured in the Industrial Trust Co. case died in 1930 subsequent to the retroactive enactment of section 302 (g) and (h) of the Revenue Act of 1924. Subsection (g) of 302 was the same as section 402 (f) of the Revenue Act of 1918.

The policy in the Industrial Trust Co. case was taken out in 1892 at which time

the beneficiary was designated without reservation of power to change the beneficiary. The policy became a paid-up policy March 4, 1912. We held (Industrial Trust Co. v. United States, 9 F.Supp. 817, 80 Ct. Cl. 647, 651–662) that since the insured did not die until May 30, 1930, the proceeds of the insurance policy were taxable as a part of the insured's estate under section 302 (g) and (h) of the Revenue Act of 1926 because of the provision in the policy that if the named beneficiaries predeceased the insured the proceeds should be paid "to the executors, administrators, or assigns of William M. Greene," the insured. We further held that the retroactive provisions of section 302 (h) of the Revenue Act of 1926 applied to such a case and as so applied it was constitutional. The Supreme Court reversed this court (296 U.S. 220, at pages 221, 222, 56 S.Ct. 182, 80 L.Ed. 191), and said:

"No power was reserved to change beneficiaries, borrow on the policy, or surrender it. The wife of the decedent predeceased him; but he was survived by three children, to whom the proceeds of the policy were paid upon his death.

"The case of Lewellyn v. Frick, 268 U.S. 238, 45 S.Ct. 487, 69 L.Ed. 934, arose under the Revenue Act of 1918. This case arises under the Act of 1926, § 302 (g), [26 U.S.C.A. Int.Rev.Acts, page 231] which is the same as section 402 (f) of the former act * *. Subdivision (h) of the 1926 act, * * * however, provides that subdivisions (b), (c), (d), (e), (f), and (g) shall apply to 'transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.' * * * Whether any of these terms apply to an amount receivable by a beneficiary, under a policy such as we have here, is fairly debatable. See Wyeth v. Crooks, D. C., 33 F.2d 1018, 1019. If any of them do apply, the provision is open to grave doubt as to its constitutionality, and the rule of the Frick case controls.

"The foregoing facts bring the case clearly within our decision just announced in Bingham v. United States, [ante], 296 U.S. page 211, 56 S.Ct. 180, 80 L.Ed. 160; * * *."

In the case at bar the insured at all times until the date of his death August 3, 1935, had the right and power to change the beneficiaries or their interests under the policies and this power was exercised by the insured in 1930 and 1932. We think these facts are sufficient to distinguish this case from the cases of Lewellyn v. Frick, supra; Bingham et al. v. United States, supra, and Industrial Trust Co. et al., Executors, v. United States, supra, and to bring this case within the provisions of section 302 (g) and (h), supra, and the principles announced and applied in Saltonstall v. Saltonstall, 276 U.S. 260, 48 S.Ct. 225, 72 L.Ed. 565; Chase National Bank et al. v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388; Reinecke v. Northern Trust Company, 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397, and Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368.

As to defendant's third contention it should be specifically stated that when the decedent in 1930 and 1932 exercised his right of ownership and control over the insurance contracts as to the persons entitled to the proceeds thereof upon his death, and changed such beneficiaries or their interests previously created, he created interests in such proceeds to which the provisions of the then existing estate-tax act expressly attached. Therefore the provisions of the existing taxing statute, as applied to such proceeds in respect of which the decedent exercised his right of control and ownership under the terms of the policies, is not retroactive. After having exercised this right and changed the beneficiaries under the policies, the decedent and the insurance policies were in substantially the same situation, so far as the effect of the existing taxing act was concerned, as was present in Chase National Bank v. United States, supra. Cf. Bailey v. United States, 31 F.Supp. 778, 90 Ct. Cl. 644.

The defendant was correct in holding that the insurance proceeds were subject to tax.

Plaintiffs are not entitled to recover and the petition is dismissed. It is so ordered.