**HOCK et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 12991.

Circuit Court of Appeals, Eighth Circuit.

Dec. 27, 1945.

Paul Bakewell, Jr., of St. Louis, Mo. (John E. Cramer, Jr., of St. Louis, Mo., on the brief), for petitioners.

Helen Goodner, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and L. W. Post, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The question on these petitions for review is whether the proceeds of a policy of insurance on the life of decedent, Edward H. Simmons, who died in 1937, are includible in his gross estate under section 302(g) of the Revenue Act of 1926, as amended by section 404 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, pages 227, 231.

The applicable statutory provisions are:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \*

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

Petitioners are the transferees of the assets of decedent's estate, each having received a share of the assets in excess of the deficiency in estate tax which the Commissioner has determined and the Tax Court has sustained. Paul Bakewell, Jr., and St. Louis Union Trust Company are testamentary trustees of decedent's estate. Dorothy Simmons Hock, his surviving daughter, named as irrevocable beneficiary in the policy of insurance, received the proceeds of the policy.

The policy of insurance, dated October 11, 1920, was issued upon the application of decedent in which he waived the right to change the beneficiary. The printed portions of the policy contained the following provisions:

"Beneficiary Clauses. (a) Unless otherwise specifically provided herein, upon the death of any beneficiary hereunder during

the lifetime of the insured, any interest of such beneficiary shall revert to any surviving beneficiaries (in equal shares) then named hereunder, but if there be none to the insured or assigns.

"(b) The insured if of legal age may, whenever and as often as he likes, change any beneficiary designated herein by filing at the Home Office of the Company a written notice thereof duly executed and accompanied by the policy for record and endorsement of the change thereon by the Company. Unless the notice is so recorded and endorsed it shall not take effect, but when recorded and endorsed, whether the insured be then living or not, it shall relate back and take effect as of the date of the execution of said notice by the insured.

"(c) The interest of any beneficiary hereunder shall be subject to and bound by any assignment, pledge or release of this policy by the insured, dated either prior or subsequent to the nomination of such beneficiary."

To conform to the surrender of the right to change beneficiary contained in decedent's application for the policy, the insurance company stamped upon it the following clause:

"Beneficiary Clause. At the request of the insured in the application herefor the beneficiary provisions of paragraphs b and c, Section 9 hereof are hereby made inoperative and the beneficiary hereunder is made irrevocable. The insured reserves the right to make premium loans, to change the method of applying any dividends and to change the mode of paying premiums, but during the lifetime of the beneficiary, no other change may be made in the policy or value allowed without the consent of such beneficiary."

The Tax Court sustained the action of the Commissioner in including the proceeds of the policy in decedent's gross estate, on the ground that under the terms of the policy the decedent retained a possibility of reversion in the proceeds of the policy, since had he survived his daughter, the irrevocable beneficiary, her interest would have reverted to him or his assigns. It based its holding upon Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, and upon the Treasury Regulations in force at the time of the trial in the Tax Court.

For reversal the petitioners assert that the Tax Court erred (1) in its interpretation of the insurance contract, (2) in holding that the Hallock case is controlling on the issue here, and (3) in applying the Treasury Regulations in force at the time of the hearing before the Tax Court instead of the regulations in force at the time of decedent's death on October 16, 1937.

In support of the first assignment of error petitioners assert that there is a conflict between the printed beneficiary clause in the policy, which provides that the interest of the beneficiary dying in the lifetime of the insured shall revert to the insured or his assigns, and the provision endorsed on the policy, which provides that the insured may make premium loans or change the method of applying dividends and paying premiums, but that during the lifetime of the beneficiary no other change may be made in the policy without the consent of the beneficiary. In this situation, the petitioners say that the provision stamped on the policy must control the printed clause. We answer this argument, as did the Tax Court, by saying that there is no conflict between the printed and stamped provisions of the policy. There is no discoverable inconsistency in contracts of insurance appointing an irrevocable beneficiary and providing that upon the death of the beneficiary during the lifetime of insured the interest of the beneficiary in the policy shall revert to the insured.

Petitioners argue in support of the second assignment of error as follows: The appointment of the beneficiary of the policy having been irrevocable from the moment of its issue, the proceeds of the policy vested immediately in the beneficiary. The decedent as the insured under the policy, therefore, never owned any interest in the policy proceeds, and hence could not make and did not make a transfer of the proceeds of the policy during his lifetime. The decedent could not have a reversionary interest in property which he never owned. At most, he had only the hope or bare possibility that if he survived the beneficiary he might acquire an interest in property in which he had had no interest at any time during his life. From this interpretation of the policy petitioners argue that this case is ruled by decisions of this court (Walker v. United States, 8 Cir., 83 F.2d 103; Helvering v. Parker, 8 Cir., 84 F.2d 838) and of the Supreme Court of the United States (Lewellyn v. Frick, 268 U.S. 238, 45 S.Ct. 487, 69 L.Ed. 934; Chase National Bank v. United States, 278 U.S.

327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388; Bingham v. United States, 296 U. S. 211, 56 S.Ct. 180, 80 L.Ed. 160; and Industrial Trust Co. v. United States, 296 U.S. 220, 56 S.Ct. 182, 80 L.Ed. 191), all of which came down before the decision of the Hallock case. Petitioners assert that the principles announced in the Hallock case have no application in the case of life insurance, since the Supreme Court was there dealing only with trust property under section 302(c) of the applicable revenue act. Aside from the fact that petitioners' interpretation of the insurance contract ignores that part of it which provides that on the death of the beneficiary during the life of the insured the proceeds of the policy shall become payable to the insured or his assigns, the decisions of this and other circuit courts of appeals, following the Hallock case, have held that the principles there announced in respect to trust property are applicable in the case of life insurance, and that the Bingham case and earlier decisions to the same effect, dealing with the proceeds of life insurance policies, are no longer law. Schultz v. United States, 8 Cir., 140 F.2d 945, 949; Bodell v. Commissioner, 1 Cir., 138 F.2d 553, 556, 150 A.L.R. 1262; Commissioner v. Washer, 6 Cir., 127 F.2d 446, 448, 449; Liebermann v. Hassett, 1 Cir., 148 F.2d 247; Schongalla v. Hickey, 2 Cir., 149 F.2d 687. The cases rule that where there exists in an insured the possibility of a reversion to him or his assigns of the proceeds of a policy of insurance (as where the policy provides for payment to the insured or his estate or assigns in the event of the prior death of the beneficiary), the transfer of the proceeds of the policy from the insured to the beneficiary named in the policy takes effect only upon the death of the insured. And see Chase National Bank v. United States, supra, 278 U.S. 327 at page 339, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388; Goldstone v. United States, 325 U.S. 687, 65 S.Ct. 1323; Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 111, 65 S. Ct. 508; Commissioner v. Field's Estate, 324 U.S. 113, 65 S.Ct. 511; Paul, Federal Estate and Gift Taxation, § 10.20.

Petitioners' third assignment of error must also be denied. Prior to decedent's death on October 16, 1937, Articles 25 and 27 of Regulations 80 provided:

"Art. 25. Taxable insurance—The statute provides for the inclusion in the gross estate of insurance taken out by the decedent upon his own life, as follows: (a) All insurance receivable by, or for the benefit of, the estate; (b) all other insurance to the extent that it exceeds in the aggregate $40,000.

"* * * Legal incidents of ownership in the policy include, for example: The right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it, to revoke an assignment, to pledge it for a loan, or to obtain from the insurer a loan against the surrender value of the policy, etc. The decedent possesses a legal incident of ownership if the rights of the beneficiaries to receive the proceeds are conditioned upon the beneficiaries surviving the decedent."

"Art. 27. Insurance receivable by other beneficiaries.—The statute requires the inclusion in the gross estate of the decedent of the proceeds of any policy, or the aggregate proceeds of all policies, not receivable by or for the benefit of decedent's estate, to the extent that such proceeds exceed $40,000, regardless of when the policy was or the policies were issued, if the decedent possessed at the time of his death any of the legal incidents of ownership."

On March 18, 1937, following the decision of the Supreme Court in the Bingham case, the sentence "The decedent possesses a legal incident of ownership if the rights of the beneficiaries to receive the proceeds are conditioned upon the beneficiaries surviving the decedent" was struck out of the Regulations by Treasury Decision 4729 (C.B. 1937-1, pp. 284-288), which adopted as to insurance proceeds the principles announced in Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L. Ed. 29, 100 A.L.R. 1239. The Supreme Court's decision in the Hallock case came down in 1940, and the Treasury Regulations were amended to restore Article 25 of Regulations 80 to its original form. The amended regulation was in force at the time of the trial in the Tax Court. We think it was applicable in the present case in preference to the regulations, in existence at the time of decedent's death, which fell with the Bingham case. I Merten's Law of Federal Income Taxation, par. 3.25; Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528; Helvering v. Hallock, supra, 309 U.S. 106 at page 121, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, Note 8; Helvering v. Griffiths, 318 U.S. 371, 397,

Note 49, 63 S.Ct. 636, 87 L.Ed. 843; Helvering v. Edison Bros. Stores, 8 Cir., 133 F.2d 575; Oberwinder v. Commissioner, 8 Cir., 147 F.2d 255.

The decision of the Tax Court is affirmed.